(86 South. 318)

No. 24093.

### GUIDRY v. DUTEL.

### In re GUIDRY.

(June 12, 1920. On Application for Rehearing, June 30, 1920. Rehearing Denied Oct. 15, 1920.)

*(Syllabus by Editorial Staff.)*

On Application for Rehearing.

Elections ⬉298(3)—**Contestant can ask in alternative that he be seated or that election be held void.**

Under Rev. St. § 1422, providing that the jury in contest proceedings can determine which of the parties is entitled to the office, or can refer the matter again to the people, plaintiff can ask in the alternative that he be declared the duly elected candidate, or, if he be not the duly elected candidate, that the election be declared null and void.

Provosty and Sommerville, JJ., dissenting.

Proceeding by Calice Guidry against Gaston Dutel for the contest of an election. The trial judge granted an order requiring plaintiff to elect whether to ask to be seated as the duly elected candidate, or to ask that the election be set aside as null and void, and plaintiff applies for mandamus, prohibition, and certiorari. Reversed on rehearing.

P. S. Pugh and Gremillion & Smith, all of Crowley, for relator.

Minos T. Gordy and J. R. Kitchell, both of Abbeville, for defendant.

SOMMERVILLE, J. Plaintiff alleged that at an election held in the town of Abbeville on the 5th day of April, 1920, that he was elected town marshal for the term of two years, but that the defendant Dutel has been declared elected to said office. He further alleged that certain persons had voted for Dutel, who were not entitled to vote at the election, and that certain tickets had been placed in the ballot box for him which had not been counted by the commissioners. He at the same time alleged that the election had been irregular, illegal, and contrary to law, setting forth various grounds of illegality. He then prayed that he be adjudged to have been duly elected constable or city marshal of the town of Abbeville, rejecting Dutel's claim to said office, and, in the alternative, that if the court should find that he had not been elected, and that Dutel had been elected, that the alleged election be set aside and declared absolutely null, void, and of no effect.

Plaintiff cannot claim to have been elected at a certain election, and ask the court to declare him to have been elected, and at the same time, in the event he should be found not to have been elected, ask the court to declare the whole election null and void.

Section 1419, Revised Statutes, gives to "any candidate" the right to contest any election; and plaintiff had the right to sue defendant, and ask that he be declared to have been elected instead of defendant. But we think, after he has done so, that he may not ask, in the event that the court finds that he was not elected and that defendant was, that the entire election of all the officers voted for in Abbeville on April 5 be set aside, when all of those parties are not parties to the suit.

Defendant excepted to the petition on the ground that the causes of action therein set forth were inconsistent, and asked that plaintiff should elect upon which cause of action he would proceed to trial; and it was so ordered.

Thereupon plaintiff applied to this court for writs of mandamus, prohibition, and certiorari to compel the trial judge to set aside and reverse his ruling in the case, and to try same upon the petition filed by him, plaintiff.

No appeal lies from the decision of the district court in this case. Revised Statutes, § 1422.

The return of the trial judge to the rule nisi is so full and complete an answer as to why a mandamus should not issue herein that we adopt it as our reasons for recalling the alternative writ in this case:

"Relator, in his petition contesting the election of Gaston Dutel at the election held in the town of Abbeville on the 5th day of April, 1920, claims to have been elected to the office of city marshal over Gaston Dutel, who was returned elected to the said office. His petition then proceeds to assail the said election as not held in accordance with the general election laws of the state, and concludes with the prayer that 'there be judgment in his favor and against the said Gaston Dutel, adjudging your petitioner the duly elected city marshal of the town of Abbeville, rejecting the claim of said Dutel to said office; and he further prays in the alternative that, in the event that he should not have been declared elected, and the court should hold that Dutel was elected, that the alleged election be set aside and be declared absolutely null, void, and of no effect by reason of the irregularities and nullities above set forth,

and that a new election be ordered to be held and to be conducted in the manner and form required by law.'

"The defendant, Dutel, filed a motion in said case, averring that plaintiff's causes of action were inconsistent, and that the latter should be required to elect 'as to whether he will proceed with his action to have himself declared elected to the office of city marshal of the town of Abbeville, or with his action to have the election declared illegal, null and void.'

"The motion was tried and submitted, and, the court being of the opinion that the same was well taken, the motion was sustained, and plaintiff given until the 3d day of June to declare upon which cause of action he elects to stand.

"If the allegations of plaintiff's petition are to be taken as true, as they must be for the purposes of these proceedings, the election in question amounted in law to no election at all for the reason, among others, that none of the candidates whose names appeared upon the ballot had been previously selected either by party primary or by nomination papers (see [Maggione v. Lochbaum] 139 La. 429 [71 South. 727]), from which it follows that neither is entitled to the office in question. The plaintiff in the suit in question prays that 'there be judgment in favor of petitioner and against Gaston Dutel, adjudging your petitioner the duly elected city marshal of the town of Abbeville, rejecting the claim of said Dutel to said office; and he further prays in the alternative that, in the event he should not have been declared elected, and the court should hold that said Dutel was elected, that the alleged election be set aside, and be declared absolutely null and void, by reason of the irregularities and nullities above set forth.'

"Briefly, his position amounts to this: 'I have been elected city marshal of the town of Abbeville, and am therefore entitled to the office, and to a judgment to that effect. If, however, the evidence should show that I was not elected, but that my opponent was, then he is not entitled to the office, because the election was a nullity. The election was good if I was elected, and bad if I was defeated.'

"The election was either a legal and valid election or it was not, and its legality does not depend upon the election of the contestant. If it was a valid election, then the candidate receiving the largest number of legal votes was elected, whether that candidate be the contestant or the contestee; and if it was not a legal election, the contestant has acquired no greater rights thereunder, even though he may have received a majority of the legal votes, than would the contestee, if the latter had received a majority of the votes.

"No person can prosecute a plea of any kind, except in pursuance of a personal or representative interest, recognized by law, and the statute under which contestant's suit was instituted expressly provides that such suits may only be brought by one who claims to have been elected. It will be noted that the alternative plea in this case exhibits no such interest, for the simple reason that he asks that the election be declared a nullity in the event only that the court should find that he was not elected.

"Relator alleges that respondent's ruling was wrong, and in direct conflict with the decisions of this honorable court in Dilzell Engineering Co. v. Lehmann, 120 La. 279 [45 South. 138]. The decision cited has no application to the legal situation herein presented.

"It is readily conceded that two alternative demands may be joined in one suit, but such demands should not be in conflict with and destructive of each other, as is the situation exhibited by the record in the present proceeding.

"Relator recites the case of Deal v. Hodges, 124 La. 998 [50 South. 823], in which the pleadings of plaintiff therein appear to have been similar to those in these proceedings. It will be noted, however, that no motion to elect was filed in that case. In fact, the case found its way into the appellate courts simply and exclusively upon an issue relating to costs.

"In the present contest plaintiff was at liberty to join the two demands authorized by the statute, and might have done so by alleging that the election was a nullity, and, if not a nullity, then, in the alternative, that he be declared elected."

It is ordered that the rule nisi issued herein be recalled, at the costs of relator.

MONROE, C. J., and DAWKINS, J., dissent.

### On Application for Rehearing.

O'NIELL, J. This is a contest over the election of a marshal of the town of Abbeville. The election was held on the 5th of April, 1920. Plaintiff and defendant were opposing candidates for the office, and defendant was declared elected. In this suit, plaintiff contended, first, and for reasons specifically set forth in his petition, that he was elected to the office, and, in the alternative, that is, if the court should hold that he was not elected, then that the election should be declared null, for reasons specifically set forth in the petition.

Defendant excepted to the petition, averring that the two demands were so inconsistent that they could not both be urged, even in the alternative. He prayed, therefore, that plaintiff be compelled to elect which one of the two demands he would prosecute. The judge so ordered; and, there being no right of appeal in cases of this character, plaintiff invoked the supervisory jurisdiction of this court.

Our first impression was that the ruling complained of was correct—that it was inconsistent and illogical for plaintiff to demand, first, that he be declared validly elected, and, in the alternative, that the election be declared invalid. But, on further reflection, the alternative demands appear to be strictly in accord with the statute. Section 1422 of the Revised Statutes, providing for such contests, declares:

"The trial shall be conducted and submitted to the jury according to the laws by which other jury trials are governed. A majority only of the jurors shall be required to return a verdict. The jury shall have power to determine by their verdict which of the parties is entitled to the office, or to refer the same again to the people. The court shall have no power to grant a new trial as in other cases, and no appeal shall be allowed."

It is conceded, in the opinion of the district judge, that plaintiff might have urged both of the alternative demands in one suit, if he had reversed their order, demanding primarily an annulment of the election, and secondarily that he be declared elected. We do not see how that would have made the demands more consistent. In fact, there is no inconsistency in plaintiff's contending that he was elected, and that, if he was not elected, it was not because he was fairly defeated, but because the election was not legal.

For these reasons, it is ordered that the ruling complained of be reversed, and that

the case be proceeded with in the district court according to law and in accord with the foregoing opinion. Defendant is to pay the costs of the present proceeding in the Supreme Court; all other costs are to depend upon the final judgment. The right is reserved to defendant to make application for a rehearing.

PROVOSTY and SOMMERVILLE, JJ., adhere to the original opinion.