51 So.2d 622

**STATE ex rel. LANGLOIS et al. v. LANCASTER et al.**

No. 40150.

Feb. 12, 1951.

Rehearing Denied March 19, 1951.

J. Oliver Bouanchaud, Paul G. Borron, Sr., Baton Rouge, J. P. Jewell, Jr., New Roads, W. C. Perrault, Opelousas, for defendants-appellants.

Ferd C. Claiborne, Dist. Atty., New Roads, Samuel C. Cashio, Maringouin, Charles H. Dameron, Asst. Dist. Atty., Port Allen, for relators-appellees.

HAWTHORNE, Justice.

Relators instituted this proceeding under the intrusion into office act, LSA–RS 42:76 et seq., alleging that relator Lionel J. Langlois was elected mayor and the relators Rene Lejeune, Charles K. Jordan, Whitney J. Langlois, and Seltz Bordelon were duly elected councilmen or members of the Board of Aldermen of the Town of New Roads, Louisiana, at an election held on June 14, 1949; that the returns thereof were promulgated, that commissions were issued to them for their respective offices by the Governor dated August 25, 1949, and that they took their respective oaths of office on September 16, 1949; that respondent J. Bradford Lancaster is illegally usurping, intruding into, unlawfully holding and exercising and attempting to remain in the office of mayor of the town without any legal right or color of title to said office, and that the same is also true as to the respondents A. L. Bertoniere, Alfred Morgan, Oscar Hebert, and F. A. Smith with regard to the offices of councilmen or members of the board of aldermen; that respondents should be excluded from their respective offices, and the offices delivered to relators; that respondents are in bad faith in attempting to hold these offices and should be ordered to refund the emoluments so received by them from June 14, 1949 (the date of the election), up to the time the offices are vacated and delivered to relators. Their prayer is in accordance with their allegations.

Respondents in their answer allege, among other things, that they were elected to their respective offices at an election held on January 3, 1949, which was subsequently declared null and void by the district court. That judgment was affirmed by this court on appeal on June 30, 1950, and a rehearing was refused on August 15, 1950. See No. 39,485 on the docket of this court, Langlois v. Lancaster, 217 La. 995, 47 So.2d 795. Respondents further allege that this judgment ordered that another general municipal election be held in the town as prayed for by relators in that suit, and in accordance with law; that this election has not been called or held, and that respondents as de facto officers have the right, and it is their duty, under Article 19, Section 6, of the Constitution of this state to continue to hold their respective offices and perform the duties thereof until the election ordered by the court in that suit is held and until those elected at such election are commissioned and have qualified. Respondents further allege in their answer that the election of June 14, 1949, under which relators claim to have been elected mayor and councilmen was illegal, null, and void, and should be so decreed for numerous rea-

sons which, due to our disposition of this case, it is unnecessary for us to set forth.[1]

After making the above allegations respondents pray for only one thing, that is: "Wherefore, Respondents pray that after due proceedings had, there be judgment herein decreeing the nullity of said election of June 14, 1949, held in the Town of New Roads, Louisiana, for the purported purpose of electing a Mayor and Councilmen for said Town of New Roads, Louisiana, and dismissing Relators' suit at their costs."

The judgment of the district court held that the respondents were usurpers, and that they were unlawfully holding, exercising, and attempting to remain in possession of their respective offices. This judgment ordered the respondents to vacate and deliver to relators their respective offices, and condemned them to pay all wages and salaries or emoluments of the respective offices for the period beginning July 1, 1950,[2] up until the time the offices are vacated and delivered into the possession of relators. Respondents have appealed to this court. Relators have answered the appeal, praying that the judgment of the district court be amended so as to allow them all of the emoluments of their respec-

---

1. It will be observed that only four aldermen have been made respondents, although the Board of Aldermen of the Town of New Roads is composed of five members. Relators allege that one member of the board has been properly and legally elected to office and consequently was not made a respondent herein. The reason for this evidently

is that this member participated in, and was elected at, both the January and the June elections held in the town.

2. The judgment of the district court decreeing null and void the election under which respondents were claiming office had been affirmed on appeal on June 30, 1950, the day before this date.

tive offices received by the respondents up to the time they vacate said offices.

At the outset we are faced with the fact that this court is without appellate jurisdiction insofar as this intrusion into office suit is concerned with the offices of the four councilmen or members of the board of aldermen. Relators' petition sets forth that the emoluments of the combined offices of the members of the town council or board of aldermen for their term of four years are at least $1200. This figure is evidently compiled by relators on the basis of one meeting per month, or 12 per year, with a remuneration of $5 per meeting, making a total emolument received by each alderman of $60 per year, or $240 for the four-year term, or a total of $1200 for all five aldermen. Furthermore, this figure does not represent the amount in dispute, as the offices of only four aldermen are at issue in this case. Respondents in their answer set forth that the emoluments of the office of councilman of the town are fixed at $5 per meeting for each councilman, the aggregate amount received by the councilmen depending upon the number of meetings held during the four-year period.

■ It is well settled in the jurisprudence of this state that the appellate jurisdiction of this court in a suit of this nature is determined by the emoluments of the office involved. State ex rel. Buckner v. Jastremski, 33 La.Ann. 110; State ex rel. Rogers v. Parsons, 120 La. 263, 45 So. 125; State ex rel. Wilkinson v. Hingle, 123 La. 721, 49 So. 485.

■ The emoluments of the office of mayor, claimed by Langlois and occupied by Lancaster, are $2400, and therefore this suit, insofar as it concerns the office of mayor, is within the appellate jurisdiction of this court. The relators have instituted one action claiming the offices of mayor and aldermen, but they cannot by cumulating the emoluments of the offices of aldermen with the emoluments of the office of mayor confer appellate jurisdiction on this court of the suit insofar as the claims to the offices of the four aldermen are concerned. The relators claiming the offices of aldermen have separate demands or rights of action for the offices they seek, and these relators have no interest whatsoever, individually or collectively, in the demand or right of action of the relator Langlois to the office of mayor, and they do not allege any right of action or demand against the respondent Lancaster. See Alessi v. Town of Independence, 142 La. 338, 76 So. 792; Hotard v. Perilloux, 160 La. 752, 107 So. 515.

Furthermore, the facts alleged by the respondent aldermen and the issues raised by them are not identical with those relating to the office of mayor.

All respondents contend that they are de facto officers or holdovers under Article 19, Section 6, of our Constitution and for this reason have the legal right in this

proceeding to attack the validity of the election held on June 14, 1949. However, the facts which the respondent aldermen contend make them holdovers and the legal issues raised by those facts are different from the facts and issues raised by the respondent mayor's contention that he is a holdover.

Respondents Bertoniere, Morgan, Hebert, and Smith, the four aldermen, were councilmen or members of the Board of Aldermen of the Town of New Roads prior to, and at the time of, the call and the holding of the election of January 3, 1949, and occupied these offices at the expiration of the term preceding the term of office here at issue, and they contend that, even if they are not holdovers from their null election of January 3, 1949, they are holdovers from their previous terms of office, and that therefore they can question the election of the relators. The fact that they were in office preceding the illegal election of January 3, 1949, is disclosed by the record in the suit of Langlois v. Lancaster, No. 39,485, cited supra, and is shown on pages 133 and 134 of the transcript in that case. Relators alleged this fact in Paragraph 25 of their petition filed in that suit, which is a record in this court. Furthermore, in the instant suit respondents attempted to introduce and file in evidence ordinances of the town calling the January election and promulgating the returns, which would have disclosed the same fact, but the lower court sustained an objection to their offering.

It is not necessary for us to pass upon the correctness of the court's ruling, since we have concluded to transfer the case insofar as the offices of aldermen are concerned to the Court of Appeal, First Circuit. See State v. Louisiana Ry. & Nav. Co., 153 La. 816, 96 So. 667.

On the other hand, the respondent Lancaster was not the mayor for the term preceding his null election.

The relator Langlois, having instituted this proceeding under the intrusion into office statute and having offered and filed in evidence his commission from the Governor as mayor of the Town of New Roads, which is an apparently valid muniment of title, brings himself within the rule announced by this court in State ex rel. Ford v. Miltenberger, 33 La.Ann. 263.[3] In that case it was said:

"In a proceeding under the same act, by the State, on the relation of an *'interested person,'* the first inquiry is: Has the relator a *muniment of title* to the office held by the defendant? If he have, the court passes at the threshold upon its sufficiency and effect; and if it establish a *prima facie* right to the office, the next inquiry is into the right of tenure of the defendant; but if the relator have no such muniment, and if the State do not press on its own behalf an investigation, the liti-

3. The commission from the Governor is evidence of relator's title. See State ex rel. Ford v. Miltenberger and authority therein cited.

gation drops, the contest ends, the proceedings are to be dismissed, and the incumbent must not then be disturbed."

██ Relator having offered such commission, it then becomes incumbent upon the respondent Lancaster *to show his right to remain in office until a rightful successor demands possession of the office.* State ex rel. Williams v. Cage, 196 La. 341, 199 So. 209, 211. As we pointed out in the Cage case, if respondent makes such a showing, "he has the right to inquire into the legality of the muniment of title exhibited by the plaintiff or relator,—even though it be a commission from the Governor,—and to require the plaintiff or relator to establish his right to be inducted into office".

The first inquiry, then, is: Has respondent brought himself within the proposition announced in the Cage case, quoted above —that is, has he shown his right to remain in office until a rightful successor demands possession thereof?

Respondent contends that he has such a right under Section 6 of Article 19 of the Constitution of this state, which provides that:

"All officers, State, municipal and parochial, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall have been inducted into office."

Respondent relies also on the Cage case, supra. He concedes, as he must, that the election of January 3, 1949, in which he was elected mayor, has been declared to be null and void. See Langlois v. Lancaster, No. 39,485, cited supra. In that case this court pointed out that, in an election which has been declared void and set aside on the ground that no legal votes were cast therein, no one can have been elected to an office. Notwithstanding the judgment of this court affirming a judgment of the lower court which decreed the election to be null and void, respondent contends that it is his duty under the provisions of the article of the Constitution cited hereinabove to continue to hold the office of mayor until a rightful successor presents himself. In other words, his contention is that he is a "holdover" under the provisions of this article and as such has the right to attack the validity of the election of June 14, 1949, in which relator was elected mayor.

██ We are of the opinion that respondent is not a holdover under the provisions of the article of the Constitution relied on by him, and that the provisions of this article have no applicability to his case. He did not occupy the position as mayor in the preceding fixed term for that office, and he does not contend that he is "holding over" from the preceding term. It is possible that officers may be holdovers under other circumstances than when one holds into a succeeding term of an office which has a fixed term; but we are of the opinion that one who goes into

office solely by virtue of an election *which is subsequently declared null and void by a court of competent jurisdiction* cannot be a holdover under Section 6 of Article 19 of the Constitution.

Hyde v. State, 52 Miss. 665, was a proceeding to have the office of sheriff declared vacant due to the failure of the incumbent sheriff to provide a bond pursuant to a law passed during the time he was occupying the office. One of the incumbent's defenses was that the action was prematurely brought because he was entitled to continue in office until his successor was qualified, under a provision of the Constitution of Mississippi similar to the provision of our Constitution here under consideration. The Mississippi court, in deciding that the provision of the Constitution was not applicable, had this to say: "* * * This [holdover provision] manifestly refers to officers holding over after the expiration of their terms, and not to such as may have been adjudged to have forfeited their offices by the judgment of a court of competent jurisdiction. * * *" See also Manning v. Harlan, Texas Civ.App., 122 S.W.2d 704.

Black's Law Dictionary (DeLuxe 3d ed.) defines "hold over" thus: "* * * To continue in possession of an office and to continue to exercise its functions after the end of the officer's lawful term. * *"

In the instant case, the respondent Lancaster, not being a holdover and having failed to show any right to remain in the office of mayor, is without right to question the validity of the relator's muniment of title and to inquire into the validity of the election of June 14, 1949. For the same reasons there is no merit to respondent's contention that he is entitled to remain in office until the election ordered by the court in Suit No. 39,485 is held and the person elected at such election is commissioned and has qualified.

Since we have concluded that Section 6 of Article 19 is not applicable to respondent and that he is not a holdover under the provisions thereof, the case of State ex rel. Williams v. Cage, supra, is without application.

Respondent argues that he at least has the status of a de facto officer, but we fail to see, and he does not point out, how this fact would confer upon him the right which he asserts.

We do not think that the judgment of the district court is correct insofar as it ordered respondent Lancaster to pay all the emoluments of the office of mayor received by him from July 1, 1950. Under the provisions of LSA–RS 42:80, the successful claimant to an office is entitled to receive the fees and emoluments belonging to the office, and the intruder or usurper may be ordered to refund them, and judgment may be rendered against him for the amount thereof, provided that the unsuccessful claimant to the office is in *bad faith* in holding or attempting to retain possession of the office and in such *bad*

*faith* has received the fees and emoluments belonging to the office.

 In this proceeding respondent Lancaster does not contend that he has a right to remain in office because the judgment decreeing null and void the election of January 3, 1949, at which he was elected mayor, is incorrect in any way. He simply takes the position that, notwithstanding this judgment, under the authority of Section 6 of Article 19 of the Constitution he is a holdover and that it was his duty under the provisions of this article to remain in office and perform the duties thereof until the election ordered by the court was held and his successor was elected, duly commissioned, and qualified. The record discloses that he took this position upon the advice of competent counsel. Moreover, so far as we can ascertain, this is the first time this court has had occasion to pass upon the issue raised herein, that is, whether under the facts of this case respondent was a holdover. Under these circumstances we do not think that it has been proved that he was acting in bad faith in holding or attempting to retain possession of the office of mayor or that he received the emoluments of the office in bad faith.

For the reasons assigned, the judgment of the lower court condemning respondent Lancaster to pay unto relator Langlois all wages, salaries, or emoluments of the office of mayor for the period beginning July 1, 1950, is reversed and set aside.

The judgment with reference to the office of mayor is affirmed in all other respects. It is now ordered that this appeal, insofar as it concerns the offices of the four councilmen or members of the board of aldermen, be transferred to the Court of Appeal, First Circuit, provided that the record is filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. All five respondents are to pay the costs of this appeal to the Supreme Court; one-fifth of all costs incurred in the lower court to be paid by respondent Lancaster; the remaining portion of all costs to await final disposition of the case.

FOURNET, Chief Justice, concurring in part and dissenting in part.

I fully concur in the holding of the majority of the Court that we are without appellate jurisdiction insofar as concerns the offices of the four councilmen, and transferring their appeal to the Court of Appeal, First Circuit; also, in the holding that respondent Lancaster, having taken the office of Mayor of the Town of New Roads as the result of an election which was subsequently declared null and void by this Court, is not a "holdover" within the meaning and contemplation of Section 6 of Article 19 of the Constitution; nor is he a de faco officer inasmuch as he has never had color of title, and is therefore without right to inquire into the validity of relator's (Langlois') muniment of title, conferred by commission of the Governor

pursuant to an election regularly held, and without right to inquire into the validity of the election under which Langlois was elected. But it is difficult for me to follow the rationale of the majority opinion in holding that because the respondent is tenaciously holding on to the office, on advice of competent counsel—even after our decision handed down on June 30, 1950, declaring the nullity of the election under which Lancaster took office—that he is holding office and receiving the muniments of the office in good faith. I, therefore, respectfully dissent from that part of the majority holding.