DORÉ, Judge.
Relators instituted this proceeding under the intrusion into office act, LSA-RS 42:76 et seq., alleging that relator Lionel J. Langlois was elected Mayor and the re-lators Rene Lejuene, Charles K. Jordan, Whitney J. Langlois, and Seitz Bordelon were duly elected councilmen or members of the Board of Aldermen of the Town of New Roads, Louisiana, at an election duly and legally called and properly and legally held on June 14, 1949; that the returns thereof were promulgated, and that commissions were issued to them for their respective offices by the Governor dated August 25, 1949, and that they took their respective oaths of office on September 16, 1949; that respondent J. Bradford Lancaster is illegally usurping, intruding into, unlawfully holding and exercising and attempting to remain in possession of the office of Mayor of the Town of New Roads, without any legal right or color of title or interest to said office, and that the same is also true as to the respondents A. L. Bertoniere, Alfred Morgan, Oscar Hebert and F. A. Smith with regard to the offices of councilmen or members of the Board of Aldermen of said Town.
Relators further allege that the only pretended color or right, if any such existed, which defendants (respondents) ever had to said offices, resulted from an illegal, null and void election, which was held in the Town of New Roads, on January 3, 1949, which said election was declared null and void by a judgment of the District Judge on May 24, 1949 and which judgment was affirmed by the Supreme Court of this State on June 30, 1950, a rehearing refused on August 15, 1950, in the matter entitled “Langlois et al. v. Lancaster et al.”, see 217 La. 995, 47 So.2d 795; that legal demand was made upon the defendants on August 25, 1950 to surrender the said respective offices of Mayor and members of the Council or Board of Aldermen, and which demand was refused in writing on August 30, 1950; that respondents should be excluded from their respective offices, and the offices delivered to relators; that respondents are in legal bad faith in holding and attempting to retain possession of said respective offices and should be ordered to refund the emoluments so received by them 'from June 14, 1949 (the date of their election), up to the time the offices are vacated and delivered to relators. Their prayer is in accordance with their allegations.
Respondents, defendants, in their answer allege, among other things, that they were elected to their respective offices at an election held on January 3, 1949, in accordance with the charter of the Town of New Roads, which was subsequently declared null and void by the District Court, in the matter of Langlois et al. v. Lancaster et al., and which judgment was affirmed by the Supreme Court on appeal on June 30, 1950 and a rehearing refused by the Supreme Court on August 15, 1950. See 217 La. 995, 47 So.2d 795. Respondents further allege that this judgment ordered that another general municipal election be held in the town as prayed for in that suit, and in accordance with law; that this election has not been called; that they being in possession of the offices by virtue of said election, having been duly commissioned and having taken their respective oaths, were de facto officers, and as such they not only have the right, but are required by law to continue to perform the duties of their respective offices until their successors are elected at the election *782 ordered to be held by the Court in said suit annulling the election of January 3, 1949 and until those elected at such election have been inducted into office.
The respondents further allege in their answer that the election of June 14, 1949, under which relators claim, to have been elected Mayor and councilmen or members of the Board of Aldermen, was illegal, null and void and should be so decreed, because it was held at a time when the judgment of the trial court in the suit of Langlois et al. v. Lancaster et al., ordering another election to be held was pending on suspensive appeal to the Supreme Court, at a time when there was no vacancy in the municipal offices in the Town of New Roads and because the Board of Supervisors of Elections of Pointe Coupee Parish had no authority to call and hold a municipal election in the town.
After making the above allegations respondents pray for only one thing, that is: “Wherefore, Respondents pray that after due proceedings had, there be judgment herein decreeing the nullity of said election of June 14, 1949, held in the Town of New Roads, Louisiana, for the purported purpose of electing a Mayor and Councilmen for said Town of New Roads, Louisiana, and dismissing Relators’ suit at their costs.”
The judgment of the District Court held that the respondents were usurpers, and that they were unlawfully holding, exercising, and attempting to remain in possession of their respective offices. This judgment ordered the respondents to vacate and deliver to relators their respective offices, and condemned them to pay all wages and salaries or emoluments of the respective offices for the period beginning July 1, 1950, up until the time the offices are vacated and delivered into the possession of relators. Defendants-respondents appealed to the Supreme Court. In that Court, relators answered the appeal, praying that the judgment of the District Court be amended so as to allow them all of the emoluments of their respective offices received by the respondents up to the time they vacate said office. The Supreme Court held that Section 6 of Article 19 was not applicable to respondent Lancaster and that he was without right to question the legality of the election of Langlois as Mayor of the Town of New Roads, and reversed that part of the judgment which condemned Lancaster to pay unto Langlois all wages, salaries or emoluments of the office of Mayor for the period beginning July 1, 1950 and affirmed the judgment with reference to the office of Mayor in all other respects. In so far as the appeal concerns the offices of the four councilmen or members of the Board of Aldermen, it, for lack of jurisdiction, transferred the said appeal to this Court. See 51 So.2d 622.
The relators, Rene Lejuene, Charles K. Jordan, Whitney J. Langlois and Seitz Bordelon, having instituted this proceeding under the intrusion into office Statute and having offered and filed their separate commissions from the Governor as Councilmen or members of the Board of Aldermen for the Town of New Roads, and after having taken their oath of office, as such, which is an apparently valid muniment of title, bring themselves within the rule announced by the Supreme Court in State ex rel. Ford v. Miltenberger, 33 La.Ann. 263. In that case it was said: “In a proceeding under the same act, by the State, on the relation of an ‘interested person’, the first inquiry is: Has the relator a muniment of title to the office held by the defendant? If he have, the Court passes at the threshold upon its sufficiency and effect; and if it established a prima facie right to the office, the next inquiry is into the right of tenure of the defendant; * * *_»
Relators having offered such commissions and after having taken the oaths of office thereunder it then becomes incumbent upon the respondents, A. L. Berton-iere, Alfred Morgan, Oscar Hebert and F. A. Smith to show their right to remain in office until a rightful successor demands possession of the office. State ex rel. Williams v. Cage, 196 La. 341, 199 So. 209, 211. As was pointed out by the Supreme Court in the Cage case, if the respondent makes such a showing, “he has the right to *783 inquire into the legality of the muniment of title exhibited by the plaintiff or relator, —even though it be a commission from the, Governor, — and to require the plaintiff or relator to establish his right to be inducted into office.”
The primary inquiry, then is: Have respondents shown their rights to remain in office until rightful successors demand possession thereof?
They contend that they have such a right as “de facto” officers under Section 6 of Article 19 of the Constitution, which provides that: “All officers, State, municipal and parochial, except in case of impeachment or suspension, shall continue to discharge the duties of their offices until their successors shall have been inducted into office.”
We find their position untenable. The Supreme Court, in this very case, 51 So.2d 622, 627, held that Section 6 of Article 19 was inapplicable to Lancaster, the respondent Mayor, stating “Respondent argues that he at least has the status of a de facto officer, but we fail to see, and he does not point out, how this fact would confer upon him the right which he asserts.” We further find these respondents to be in the same position as respondent Lancaster because in Article 8 of their (all respondents including Lancaster) joint answer it is categorically averred that all respondents claim the right, as de facto officers, to continue to hold said offices. Furthermore, in Article 17 of their joint answer, including Lancaster, it is specifically alleged that “Respondents being in possession of said offices as ‘de facto’ officers, respondents not only have the right, but are required by law to continue to perform the duties of their respective offices until their successors are elected at the election ordered to be held by the Court in said suit No. 3270, hereinabove referred to, and until those elected at such election have been inducted into office.” We repeat, if Section 6 of Article 19 of the Constitution was inapplicable to Lancaster as a “de facto” officer then for the same reasons the said Section 6 of Article 19 is inapplicable to the remaining respondents.
In this Court, respondents now claim to be hold-overs from a prior election held before January 3, 1949, or in other words, that they were members of the Council or Board of Aldermen duly elected, commissioned and sworn prior to January 3, 1949, and as such were holdovers and that they have a right, under Section 6, Article 19 of the Constitution to hold their offices and to question the legality of the election of relators. We have searched their answer thoroughly and fail to find therein any such allegations. To the contrary, we only find that they have asserted such right by their claiming to be “de facto” officers. It is our opinion that had respondents desired to contend that they were hold-overs from a prior election of that of January 3, 1949, they should have made such an allegation in their answer. They attempted to offer evidence on the trial of the case to so show, but to such offering timely objection was made and properly sustained because to permit such evidence to be introduced would have enlarged the pleadings. Therefore, there is no legal evidence in this record to justify a conclusion that respondents were hold-overs from an election prior to that of January 3, 1949.
We are not unmindful of the fact that the Supreme Court, in passing upon its lack of jurisdiction, states that these respondents were councilmen or members of the Board of Aldermen of the Town of New Roads prior to, and at the time of, the call and the holding of the election of January 3, 1949, and occupied these offices at the expiration of the term preceding the term of office here at issue, but we feel that we are not bound by such declaration in that such was not necessary in the determination of its jurisdiction and is obiter dictum.
We are therefore of the opinion that, under the facts of this case, respondents are not hold-overs under the provisions of the Constitution relied on by them, and that the provisions of this article have no applicability to their case, and therefore, hold that that portion of the judgment of the District Court which holds that the respondents are usurpers and unlawfully *784 holding, exercising and attempting to remain in possession of their respective offices and orders the respondents to vacate and deliver to relators their respective offices, is correct and is therefore affirmed.
As to that portion of the judgment of the District Court which condemns the respondents to pay all wages and salaries or emoluments of respondents’ offices for the period beginning July 1, 1950, up until the time the offices are vacated and delivered into possession of relators, we feel that we are bound by the decision in this case reversing and setting aside said portion of the judgment in so far as it was in favor of Langlois and against Lancaster. We do not feel justified in making “fish of one and fowl of another”, and for the reasons assigned by the Supreme Court in this case affecting the Mayor’s office, the judgment of the lower court condemning respondents Alfred Morgan, A. L. Bertoniere, Oscar Hebert and F. A. Smith to pay relators Rene Lejuene, Chas. K. Jordan, Whitney J. Langlois and Seitz Bordelon all wages, salaries or emoluments of the office of councilmen or members of the Board of Aldermen of the Town of New Roads for the period of July 1, 1950, up to the time that said respondents vacate and deliver possession of said offices to the said relators is reversed and set aside. The judgment with reference to the offices of Councilmen or members of the Board of Aldermen of the Town of New Roads is affirmed in all other respects; respondents are to pay the costs of this appeal ; and respondents to pay four-fifths of all costs incurred in the lower court, or the remaining portion of all costs incurred in the lower court.
Amended and affirmed.