LE BLANC, Justice.
Counsel for .plaintiff and the defendant seem to agree, in stating the case in their respective briefs, that this suit is one to set aside and have annulled a referendum local option election 'held for Ward 5 of Rich-land Parish on May 23, 1950. That statement is in accord with the prayer of the petition of'the plaintiffs which is for “judgment decreeing the election held on May 23, 1950, to determine whether or not alcoholic beverages should be sold in Ward 5, Rich-land Parish, Louisiana, in accordance with the three propositions set forth in this petition, to be null, void and of no effect, all in accordance with Section. 10 of Act 372 of 1948, now R.S. 26:590.” The grounds on which plaintiffs sought to have the election set aside are the following: (1) that there were no private polling booths or other means provided at the election which would permit an elector to cast a secret ballot, (2) *626 that the governing authority conducting the •election, namely, the Police Jury of Rich-land Parish, did -not permit 30 days to elapse between the date of the filing of the •petition and the date the election was called •and (3) that representation at the polls was not equally divided between the proponents and the opponents of the propositions to be voted on. It is alleged that each of these ■charges constituted a violation of the statute relating to the calling, holding and conducting of such an election.
The case was tried on the merits in the district court 'and judgment rendered in favor of the defendant dismissing the suit ■•at the costs of the plaintiffs. A suspensive .appeal was granted and made returnable to this Court where it is now lodged.
Counsel for appellants filed a brief but did not appear personally to' argue the case. When counsel who appeared for appellee had stated the case in argument, the ques•tion of the appellate jurisdiction of this ■Court suggested itself as the case did not •appear to belong to any class of those with ■which this Court is vested with appellate Jurisdiction under Section 10 of Article 7 •of the Constitution of 1921. Counsel asked for and was granted permission to file a ■supplemental brief on that question, which 'he has since done. He has failed to convince us that the appeal was properly taken •to this Court.
In First National Life Insurance Co. v. City of New Orleans, La.Sup., 48 So.2d 145, we endeavored to classify the cases in which this Court is given appellate jurisdiction under the Constitution of 1921 and pointed out that in civil cases there are included those suits where the amount in dispute or the fund to be distributed, irrespective of the amount claimed, shall exceed $2000.00, exclusive of interest, except suits for physical injuries to, or death of a person, or other damages sustained by him or his heirs arising out of the same circumstances, and also suits involving workmen’s compensation.
From the statement of the present case as made by both sides, and from the prayer of the plaintiffs’ petition on their main or principal demand, it is apparent that what we have before the court is a suit to have an election set aside on the ground of some irregularities in the calling of it and in the manner in which it was conducted. The issue involves merely a political or civil right which ordinarily is not susceptible of a monetary or financial value and therefore there is no amount in dispute nor a fund to be distributed.
In certain cases involving a contest over an election for public office this Court has entertained jurisdiction but based it on the ground that the emoluments of the office sought had a value in excess of $2000.00. Such were the cases of Perez v. Cognevich, 156 La. 331, 100 So. 444 and Langlois v. Lancaster, 217 La. 995, 47 So.2d 795, referred to in the supplemental brief of counsel for defendant.
*628 But counsel further contend that in this case there is a showing of a pecuniary value because with their demand to have the referendum election set aside, plaintiffs have coupled a demand for an injunction to protect their business against damage and loss as dealers in the liquor trade in case the Police Jury would attempt to enforce the ordinance which it has enacted pursuant to the said election. In considering the issue of jurisdiction in connection with this point as urged by counsel, it becomes necessary to refer again to the pleadings presented in the case.
It is observed, in the first place, that in their original opinion plaintiffs merely reserved their rights to seek a temporary restraining order and a temporary and permanent injunction on allegations they had made to the effect that they would suffer irreparable harm and damage if they are forced to discontinue their businesses by ordinance resulting from the said election.
In a supplemental petition, on the averments of which they obtained an order for a rule nisi for a preliminary injunction, plaintiffs made the following allegation, and it is the only one in which mention is made of any sum or amount: “Petitioners aver that they have invested in licenses, stock in trade, and that portion of their businesses which are entirely devoted to the sale of alcoholic beverages, approximately $10,000.00, and if defendant forces them to discontinue their businesses on September 1, 1950, as provided for in said ordinance, petitioners will suffer irreparable harm, damage and great financial loss.”
Obviously that allegation cannot be construed to mean that plaintiffs stand to- lose anything like $10,000.00 if eventually the-liquor ordinance would be enforced by the-Police Jury. The inference is to the contrary that the only loss or damage they would stand to suffer would be the unearned part -of their licenses and the profits, from the sale of their stocks of liquor but what these would amount to are not even, intimated in their petition and the testimony taken on trial of the rule nisi fails, entirely to disclose.
Counsel refers to Waggoner v. Grant Parish Police Jury, 198 La. 798, 4 So.2d. 833, which, he states was identical, from a. procedural standpoint, to the present case.. But we observe at first glance that that case was being considered by this court under its supervisory power and not its appellate jurisdiction. True it is that later it did appear again before the court on a suspensiveappeal, 203 La. 1071, 14 So.2d 855, but there is nothing in the opinion rendered on that hearing which would indicate that the question of the appellate jurisdiction of this court was raised or suggested.
The same may be said with regard to the numerous other cases referred to by counsel involving local election laws and which he states were appealed directly to this court and jurisdiction entertained. We do not know what view the court would have held had the issue of appellate jurisdiction *630 been raised but inasmuch as it has suggested itself to us in the instant case we consider it our duty to pass on it. Convinced, ■as we are, that the appeal does not lie in this court but in the Court of Appeal the case will be transferred to the proper appellate court. '
For the reasons stated, and acting under the provisions of Act 19 of 1912, LSA-RS 13:4441, 4442, it is ordered that this case be transferred to the Court of Appeal for the Second Circuit, the record to be filed in said court within thirty days from the date on which this decree shall become final; •otherwise the appeal shall, be dismissed.