HARDY, Judge.
This is a suit in which plaintiffs, four qualified electors and registered voters of Ward 5, Richland Parish, Louisiana, seek judgment setting aside and declaring null and void a local option election bearing upon the sale of alcoholic beverages in the said Ward, which was held on May 23, 1950. An amended petition was subsequently filed seeking a temporary injunction restraining the police jury of Richland Parish from enforcing an ordinance adopted in response to the result of the election prohibiting the sale of alcoholic beverages in the Ward in question. On trial of the rule nisi there was judgment granting a temporary injunction. Defendant thereafer appeared and filed a plea of prescription, an exception of no cause or right of action and answers to the original and supplemental petitions. The plea of prescription and the exception of no cause or right of action were overruled and they have been abandoned.
*545 After trial on the merits there was judgment vacating the preliminary injunction and dismissing plaintiffs’ suit, from which plaintiffs appealed.
The appeal in this case was originally directed to the Honorable, the Supreme Court of the State of Louisiana, which declined jurisdiction and transferred the appeal to this tribunal. Carter v. Richland Parish Police Jury, 218 La. 623, 50 So.2d 293.
The election which is called into question by this proceeding was conducted under the terms and provisions of the present local option law, Act 372 of 1948, R.S. 26:583-595, LSA-RS 26:583 to 26:595, and it is conceded that a majority of the votes cást at the election were against the continued sale of alcoholic, beverages in Ward 5 of Richland Parish.
Plaintiffs attack the validity of the election and predicate their contended right for annulment thereof upon the following grounds, which we quote, in extenso, from brief of plaintiffs’ counsel:
“(a).That R.S. 26:589 provides that ‘the election shall be by secret ballot and shall' be conducted as nearly as possible in accordance with the election laws of the State’, and that this election was not conducted by secret ballot as above provided, but instead no voting booths, barricades or other apparatus as required by the election laws of this State were provided which would permit a secret ballot to be cast by the electors voting in said election;
“(b) That the governing authority did not permit' thirty days to elapse from the date the petition requesting the election was ■ filed with the governing authority to the date of the adoption of an ordinance calling the election as required by R.S. 26:586, which states in part ‘the ordinance or resolution of the governing authority ordering the ejection shall be adopted at a regular meeting held not less than thirty nor more than forty-five days from t'he date the petition was filed with the governing authority by the Registrar of Voters’;
“(c) That the three election commissioners and the clerk of the section were not equally divided between the opponents and proponents of the propositions to be voted on as required by R.S. 26:593.”
Admittedly the relief sought is based entirely upon those sections of the Act as set forth in R.S. 26:586, 589, 590 and 593, which read as follows:
R.S. 26:586: “* * * The ordinance or resolution of the governing authority ordering the election shall be adopted at a regular meeting held not less than thirty nor more than forty-five days from the date the petition was filed with the governing authority by the Registrar of Voters.
R.S. 26:589. “The elections shall be by secret ballot and shall be conducted as nearly as possible in accordance with the elec-, tion laws of the state. * * *”
■ R.S. 26:590.' “If the petition fails to substantially comply with the requirements provided in this Chapter or if the .other requirements specified in this Chapter for the-qalling or conduct of the election are not substantially complied with, the election is illegal and ineffective and may be declared null and void by any court of competent jurisdiction at .the suit of any elector who was qualified to vote .in the election. * *”
R.S. 26 :593. “The parish board of supervisors shall appoint three commissioners and one, clerk to preside over the election at each polling precinct. These appointees shall be qualified electors and residents of the precinct in which they serve. In making the appointments the board shall endeavor to give equal representation, as nearly as possible, to the proponents and opponents of the propositions to be voted upon.”
The defense is boardly á general denial, and, specifically, that the facts reflect 'a substantial compliance with the provisions of the Act governing the conduct of the election.
We proceed to a consideration, seriatim, ‘ of the alleged grounds of nullity as above enumerated.
It is urged on behalf of plaintiffs that under the 1948 statute providing for local option elections it is requisite that there be a secret ballot, and further, that the election be conducted in accordance with the elec *546 tion lawsi of the State, and that both, of these requirements were disregarded.
The facts show that two polling places were established .for the conduct of the election. One of the polls was located in the country store of M. L. Bell, and the other in a lodge meeting hall in the Town of Mangham, and the size of each of the rooms was approximately 30' by 60 feet. In the Bell store there were a number of show cases, counters and the usual supplies of merchandise, while in the lodge hall there were a number of tables with attached Benches. Admittedly, there were no voting booths, nor barricades, in either place. A voter upon being issued his ballot simply turned away to any convenient place of his choice for the purpose of marking his ballot. In only some two or three instances was the manner of marking the ballot observed by bystanders and there is no showing whatsoever that this observation was purposefully made, nor that it might not have been avoided by any voter who so desired inasmuch as he had the opportunity to prevent such observation.
We think it unnecessary m a consideration of this point to enter into a detailed discussion of the provisions of the several election laws, both general and primary, of our State, but prefer to rest our conclusion upon the provision of the local option statute itself providing for substantial compliance with the requirements set forth.
We think the established facts abundantly justify the finding that the polling places provided for the holding of the election permitted' the secret marking of his ballot by each voter. The failure to set up separate booths and to fix barricades, in our opinion, was inconsequential.
■ The second point which is urged by plaintiffs is predicated upon admitted facts, namely that the petition requesting the calling of the election was delivered to the Secretary of the Police Jury on March 4, 1950. The jury met in regular session on March 7, 1950, at which time it accepted the petition and ordered the same held over for the requisite period of time. At the following regular meeting of the jury on April 4, 1950, an ordinance calling the election and fixing the date thereof was duly passed.
On the basis of these facts it is urged that the petition could not be considered to have been filed until it was accepted by the Police Jury at its meeting of March 7, 1950, and that the period of thirty days, as fixed by the statute, did not elapse between said date of March 7, 1950, and the date of passage of the ordinance calling the election on April 4, 1950.
It is obvious that a determination of this proposition must rest upon the validity, vel non, of the filing with the secretary of the “governing authority”. This official was not a member of the police jury but was a full-time paid employee of said body.
While it is quite true that the specific words of the statute require the adoption of an ordinance ordering the election at a regular meeting held not less than thirty nor more than forty-five days from the date the petition was filed with the governing authority by the Registrar of Voters, we do not think there is evidence of any intent that the contemplated filing must of necessity be made with the entire body of such governing authority.
 It is a matter of common knowledge that the secretary of a Police Jury is employed for the purpose of performing ministerial duties and clerical services and is authorized as a representative of such body to act in its behalf. We think it would be a strained interpretation to hold that the definition of the term “filing” would preclude a compliance with the provision by transmittal to a duly appointed clerk or secretary of the governing body involved. Further, as was appropriately pointed out by the learned Judge of the District Court in his written reasons for judgment, the holding of regular monthly meetings by the police jury would in many instances prevent compliance with the mandatory requirement that the election shall be called not less than thirty nor more than forty-five days after the filing of the petition with the governing body since during the greater part of the year only twenty-eight days intervened between regular meetings of the Police Jury, and, in all instances, not *547 less than fifty-six days intervened between a regular meeting and the second regular meeting thereafter. We are convinced that the purpose of the Act itself would be jeopardized by the strict and technical interpretation contended for by plaintiff.
Finally, we proceed to a consideration of the third point of attack urged by plaintiffs, which is aimed at the alleged failure to divide the commissioners and clerk of the election equally between proponents and opponents of the proposition to be voted upon, as provided by R.S. 26:593, quoted supra.
The established facts pertinent to this contention are that of the eight commissioners and clerks who served in the two precincts,' seven were signers of the petition requesting the calling of the election. This fact, standing alone, is insufficient to support plaintiffs’ position, for it does not necessarily follow that one who signs a petition requesting the calling and holding of an election thereby conclusively indicates his position either for or against the proposition to be submitted at such an election.
Even conceding, arguendo, the alleged disproportion of the election officials, there is not the slightest evidence in the record before us of any fraud or bad faith or discrimination with respect ot the appointment of such officials. Nor is it shown that the opponents of the proposition made any effort prior to the holding of the election to submit names of advocates of their position for appointment as election officials. And, finally, in view of the fact that the election was carried by a majority of some three or four to one, it is obvious that the alleged disproportion of representation was not too far out of line with the sentiment expressed by the votérs. •
The facts above noted, in our opinion, clearly differentiate the instant case from that of Felder v. Police Jury of Livingston Parish, 207 La. 550, 21 So.2d 724.
We purposely pretermit any discussion of the argument advanced by defendant that it was incumbent upon plaintiffs to allege that the failure to comply with the provision óf law with respect to the calling, 'holding and conduct of the election would have changed the result since we do not think that such a contention properly 'enters into consideration under the ’statute provided for- local option elections.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.-