BRUNOT, J.
 

 This is a petitory action. The prayer of the petition is for a decree recognizing the six plaintiffs as the owners, in equal proportions, of one-half of certain property in the parish of Bossier, La., described as the 5. W. % of the N. W. (4 the N. W. % of the S. W. % and the S.
 
 Va
 
 of the S. W. % of section 31, township 23 north, range 11 west.
 

 This property belonged to the community of acquets and gains existing between J. J. Stubbs and Martha Stubbs, his wife. J. J. Stubbs died intestate in the early part of 1900, leaving an estate consisting almost entirely of his community interest in said described property. Mrs. Martha Stubbs, his widow in community, applied for the administration of his estate. She had an inventory of the property of the succession made and filed, she took the oath as administratrix, gave bond as such, provoked a sheriff’s sale of all the property of the succession to pay debts, and, at that sale, she became the adjudicatee of the property in dispute in this suit. The record title to the property is now in the defendant H. H. Bain, who acquired it by mesne conveyance from Mrs. Martha Stubbs.
 

 The plaintiffs are the forced heirs of J. J. Stubbs, deceased. Their suit is one to annul the sale of the property belonging to the succession of the deceased for certain alleged invalidating irregularities in the succession proceedings.
 

 The defendants pleaded the prescription of one, two, three, four, five, ten, and twenty years, in bar of the" plaintiff’s attack upon the succession proceedings, and the prescription of ten years’ aequirendi causa.
 

 The district judge overruled the pleas of prescription urged as a bar to the attack upon the succession proceedings, but sustained the plea of prescription aequirendi causa against all of the plaintiffs except one. The defendants alone appealed from the judgment, and, inasmuch as no one of the plaintiffs has answered the appeal or asked for an amendment of the judgment, we must necessarily assume that they acquiesce therein. Therefore, if we find that the district judge erred in overruling the defendants’ plea of prescription as to Mrs. Mabel Allen Mouser, and decreeing her to be the owner of a one-twelfth interest in the property de
 
 *547
 
 scribed in tbe petition, a review of tbe judge’s ruling on the prescriptions pleaded in bar of the attack' upon the .succession proceedings would be a useless task.
 

 This case was submitted upon an agreed statement of facts from which we quote the following:
 

 “That the chain of title through which the defendants, H. H. Bain and Pine Woods Lumber Company, Ltd., claim is correctly set forth in the answer filed by them, respectively, in this cause.
 

 “That H. H. Bain acquired the whole of the property described t in plaintiffs’ petition from J. B.' Aiken on - August 31, 1914, by deed authentic in form, for a valuable consideration, said deed being sufficient in terms to transfer the property; that said deed was filed for record on September 1, 1914, and recorded in Conveyance Book 33, page 453, of the records of Bossier Parish, Louisiana.
 

 “That said H. H. Bain went into the actual physical possession of said property, in good faith, more than eleven years prior to the institution of this suit, and has had continuous, open, corporeal' possession thereof, undisputed until the institution of this suit.”
 

 It was further admitted that H. H. Bain sold to the Pine Woods Lumber Company, Limited, all of the merchantable pine and oak. timber on the land measuring, respectively, eight and ten inches at the stump, and that the rights of the Pine 'Woods Lumber Company, Limited, must stand or fall with the title of its vendor. There is -also an admission as to the ages of the respective plaintiffs,'- showing that all of them, were over 35 years of age when this suit was filed, except Mrs. Mabel Allen Mouser, who was born June 20, 1902, and who was married in 1919, three years after H. H. Bain went, into actual' possession of the property involved herein.
 

 This suit was filed June 12, 1926, eight days less than twenty-four years after the birth of Mrs. Mabel Allen Mouser, and approximately twenty-one years after the death of her mother, through whom she inherited.
 

 The serious question presented is whether or not Mrs. Mabel Alien Mouser, who was an unmarried minor and whose mother was dead when the defendant Bain took physical possession of the property in dispute under his deed from J. B. Aiken is barred by the prescription of ten years’ acquirendi causa. Article 3478, Rev. Civ. Code, as amended by Act No. 161 of 1920 and Act No. 64 of 1924, is as follows:
 

 “He who acquires an immovable in good faith and by just title prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of said minors; provided that this prescription once it has begun to run against a party shall not be interrupted in favor of any minor heirs of said party.”
 

 In the recently decided case of Thomann v. Dutel, 158 La. 1026, 105 So. 52, 53, this court held that the ten-year prescription acquirendi causa applied to persons who were minors at the time of the passage of Act No. 161 of 1920, who attained, the age of 22 years before suit for recovery was instituted. The court said:
 

 “Act 161 of 1920 was approved July 7, 1920. At the date of the passage of said act the prescription of 10 years acquirendi causa did not run against minors under the Civil Code.
 
 I
 

 “A purchaser in good faith under a title translative of 'property may have had actual possession of the same for 21 years, and then be subjected to a petitory action within 10
 
 *549
 
 years after the minor had arrived at the age of majority. “The clear purpose of the act is to give stability to titles to real estate, by permitting the prescription of 10 years acquirendi causa to run against minors during their minority, and by limiting the right of action of a minor to recover immovables to 1 year after arriving at full age, where such prescription had accrued at the time of his reaching his majority.
 

 “As Act 161 of 1920 is a radical departure from the textual provisions of the Civil Code in the matter of prescription of 10 years as applied to minors, a proviso was inserted in section 1, to the effect that the new legislation should not be in force until January 1, 1922. The purpose of this proviso is twofold: (1) To remove any doubt as to when the provisions of the act should go into operation; (2) to exempt all minors from the operation of the act who might have arrived at the age of 22 years prior to January 1, 1922, thereby preserving the rights of such minors under the Civil Code as to immunity from prescription, and enabling them to bring suits for the recovery of their estates, free from the bar of prescription of 10 years under the new statute.’’
 

 We are of the opinion that the point at issue in this case was definitely decided in the Thomann v. Dutel Case, and that the ruling in that case is sound and should be adhered to. We are also of the opinion that where, as in this case, the minor married three years after the prescription pleaded began to accrue, her subsequent marriage did not interrupt the course of that prescription. We fail to see what application the case of Arrington v. Gray, 161 La. 413, 108 So. 790, has to the facts of this case.
 

 The question as to whether or not Act No. 161 of 1920 is or is not constitutional was not pleaded or passed upon in the lower court. We are therefore presently concerned In the enforcement of the act as we -interpret its provisions.
 

 For the reasons stated, we think the district judge erred in overruling the defendants’ plea of prescription acquirendi causa as to Mrs. Mabel Allen Mouser.
 

 There was a reconventional demand and call in warranty pleaded and adjudged in the ease, but our finding that the defendants’ plea of prescription acquirendi causa should have been sustained as to all of the plaintiff's renders it unnecessary to consider those pleas or the action of the court thereon.
 

 The judgment appealed from is therefore avoided, and it is now decreed that defendants’ plea of ten years’ prescription acquirendi causa be sustained as to all of the plaintiffs, and that this suit be dismissed at the cost of the plaintiffs in the lower court and at the cost of the appellee Mrs. Mabel Allen Mouser in this court.