PER CURIAM.
For reasons to be hereafter handed down, the motion to dismiss is sustained and the appeal dismissed.
Motion to dismiss sustained.
WESTERFIELD, Judge.
This is a suit contesting the result of a second Democratic primary for the office of School Board from the First Ward of the Parish of St. Charles, as promulgated by the Democratic Parish Committee. The primary was held on October IS, 1946, and, according to the Parish Committee results in the selection of Wilson J. Brady as the Democratic nominee by one vote, Brady having received 219 votes to 218 cast for Posey E. Landeche, the other candidate. Landeche claims to have been nominated by the majority of the legal *298 votes cast hence this suit which was filed in the Twenty-Fourth Judicial District Court for the Parish of St. Charles, on Monday, October 21st, the returns of the election having been promulgated on Saturday, October 19th. The answer was filed on Monday, October 28th. The case was tried October 28th and 29th, and judgment rendered and signed October 30th. An appeal was lodged in this Court on Saturday, November 2nd, and counsel immediately notified that the case would be tried on Monday, November 4th, the day before the date of the General Election. Counsel for defendant filed a motion to dismiss on November 2nd. After hearing argument on the motion to dismiss, it was sustained and the appeal ordered dismissed without an opinion, the Court announcing that its reasons would be subsequently handed down.
The motion to dismiss is based upon Section 84 of Act No. 46 of 1940, reading as follows:
“All vacancies caused by death or resignation or otherwise among the nominees selected by any political party, under the provisions of this Act, shall be filled by the committee, which has jurisdiction over the calling and ordering of the said primary election, and in the event that no person shall have applied to become a candidate for a political office within the time fixed by law, or the call of the committee ordering the primary, or in any other event wherein the party shall have no nominee selected under the provisions of this Act, the committee having jurisdiction over the primary shall select the nominee for any position named in the call of the committee and shall have full authority to certify said name as the nominee of the said party; provided, however, if, for any reason, cmy contest filed in cowrt shall not he finally decided in the District Court in time to print the name of the nominee of the party upon the pallot before the election, then the political party coimniitee shall certify the name of the person who is the contestee in the suit filed, and the name of said contestee shall be printed upon the ballot as the nominee of sflid political party, and no cowrt shall have jurisdiction to enjoin such action; provided, however that should the District Court render judgment in a contest in time to print the name of the successful litigant upon the ballot, then and in that event the name of such successful litigant shall be printed upon the ballot as the nominee of said political party, should no decision on appeal be had prior to the printing of such ballots.”
Attached to the motion to dismiss was a certificate of Wade O. Martin, Jr., Secretary of State, reading as follows:
“State of Louisiana,
“I, the undersigned Secretary of State, of the State of Louisiana, do hereby certify that in accordance with the General Election laws of this State there has been prepared and shipped to the Board of Supervisors of Elections of St. Charles Parish, Louisiana, the necessary ballots and supplies for use in the General Election to be held in said Parish on November Sth, 1946, said ballots having been shipped by Express from Baton Rouge, Louisiana, addressed to Hon. J. G. Triche, President, Board of Supervisors of Elections of St. Charles Parish, in care of Registrar of Voters, Hahnville, Louisiana, on October 30th, 1946.
“I further certify that on said ballots for Ward One of St. Charles Parish, the name of Wilson J. Brady appears as the Democratic Nominee for Member of St. Charles Parish School Board from said Ward, in accordance with the resolution of the St. Charles Parish Democratic Executive Committee, duly filed in this office under date of October 22nd, 1946.
“All of which appears as a matter of record in the files and archives of this office.
“Given under my signature, authenticated with the impress of my seal of office, at the City of Baton Rouge, this 31st day of October, A.D. 1946.
“(Signed) Wade O. Martin, Jr.,
Secretaiy of State.”
Counsel for contestant admits that the application of Section 84 of Act No. 46 of 1940 to the present situation would, if the act be valid, justify the dismissal of his case, but he contends that that provision of the Act is unconstitutional because *299 in conflict with Section 12, of Article 8 of the Constitution of 1921, which reads as follows:
“Election Contests. — The Legislature shall provide by law for the trial and determination of contested elections of all public officers, whether State, district, judicial, parochial, municipal or ward (except Governor and Lieutenant Governor), which trials shall be by the courts of law, and at the domicile of the party defendant.”
The ground upon which the act is attacked is that it denies to contestant the right to have his case tried and determined by the courts of law, particularly his right of appeal and upon the further ground that it permits the Secretary of State to determine “whether or not a contestant in an election case shall have the right of appeal to the courts, by determining at which time he will print the ballot for the general election, and that this is a delegation to an executive officer of the rights, powers and duties of the Legislature and the courts.”
Counsel maintain that he has complied in every way with the provisions of the primary act and that he has, in no instance, been guilty of laches, and that the fact that he is before this court on the day before the general election is in nowise due to any fault of his or of his client. He argues that there is still time and opportunity to afford relief to his client because “should this Court hold that your respondent was the duly elected nominee of the Democratic Party for the office of member of the School Board from the First Ward of the Parish of St. Charles held on October 10, 1946, prior to the holding of the general election on November 5, 1946, then and in that event your respondent has a remedy to have said election of November Sth, 1946, insofar as the same applies to the member of the School Board from the First Ward of the Parish of St. Charles nullified under the provisions of the Revised Statutes and acts recited above; that Section 1419, 1420, 1422, 1423 et seq. of the Revised Statutes are now contained in Sections 2834, 2835, 2836, 2837, 2838, 2839, 2840 and 2841 of Dart’s Louisiana General Statutes.”
It must be conceded that the primary law referred to and under attack as unconstitutional has the effect, in this instance, of depriving the contestant of the right of appeal since this cause could not be determined in time to have contestant’s name appear on the ballot for use in the general election, because the ballots had been printed and distributed on the 30th day of October and this case was argued in this Court on the 4th of November, the General Election being on the 5th or succeeding day.
In Douglas v. Cucullu, No. 9584 of our Docket (unreported, see Louisiana and Southern Digest), decided April 21, 1924, in a syllabus by the Court, we said:
“The legislature intended by Paragraph 31 of Act No. 97 of 1922 to end all Primary election contests for party nominations in time to permit the Secretary of State to print the ballots and the said Section provides that the Contestee shall be the party nominee if the Courts for any reason shall not have finally decided the contest. Consequently a motion to dismiss an appeal in a contested primary election case not yet finally determined, filed twelve days before a general election, will be maintained in view of the fact that the Secretary of State is required by Paragraph 2 of Act No. 61 of 1921 to have printed ballots in the hands of the Clerks of Court and Civil Sheriff in the Parish of Orleans, fifteen days before the election.”
There the primary law was not attacked. Here, however, it is assailed and we are asked to set it aside as unconstitutional in order that plaintiff may have the relief he seeks. The prayer of the petition is for a mandamus directed to the Democratic Parish Committee for the Parish of St. Charles, ordering it to amend its return as promulgated on October 19th, 1946, so as to “show that your petitioner received the nomination of the Democratic Party in the second primary election held on October 15, 1946, in the First Ward of the Parish of St. Charles, and directing that petitioner be certified as such Democratic nominee to the Secretary of State of the State of Louisiana for the office of member of the School Board from the First *300 Ward of tlie Parish of St. Charles, to he voted for in the General Election to be held in November, 1946; or to show cause to the contrary.”
To begin with the constitutionality of a law should first be questioned in the trial court. State v. Banner Cleaners & Dyers, 170 La. 76, 127 So. 370; Stubbs v. Bain, 173 La. 544, 138 So. 96. Perhaps this case could be regarded as an exception because the lower court could have decided the case either way without considering the constitutionality of the primary law. It is a fundamental principle of constitutional law that Legislative Acts are presumed constitutional and will not be lightly set aside. Fleischmann Co. v. Conway, 168 La. 547, 122 So. 845; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865.
Counsel is mistaken in his statement that we could afford him the relief he seeks by denouncing the primary law as unconstitutional. He says that if no relief can be obtained insofar as the primary is concerned, “There is nothing sacrosanct about the general election * * * as is clearly shown by the fact that the Legislature, by Sections 1419, 1420, 1422 and 1423 et seq. of the Revised Statutes, and Act 24 of 1877, and Act 24 of 1894, provides for a method of contesting and nullifying a general election where one claims to have been elected in said general election by the legal votes cast therein.”
The, contestant in this suit was not a candidate in the general election. His name was not on the ballot as the democratic nominee. None of the authorities cited by counsel would justify his attacking that election, even though we were to hold that he was, as a matter of fact, the democratic nominee as a result of the primary election of October 15, 1946. We know of no method by which he could set aside the General - Election upon the ground that the Democratic nominee had been improperly selected. It is contemplated that other political parties might have candidates for the school board and other offices in the General Election. How can it be said that the improper or illegal selection of a representative of one of the political parties by that party’s primary would invalidate the general election ? Courts will not consider moot questions.
For the foregoing reasons the motion to dismiss was sustained and the case dismissed on November 4th, 1946. Appellant to pay the costs of this appeal.
Motion to dismiss sustained.