57 So.2d 220

## WAGUESPACK v. RICHARD.

### No. 40704.

Feb. 20, 1952.

Menuet & Triche, Napoleonville, for plaintiff-appellant.

Talbot, LeSueur & Talbot, Napoleonville, for defendant-appellee.

McCALEB, Justice.

This is an election contest involving the Democratic nomination for the office of Sheriff of Assumption Parish. Proceeding under LSA–R.S. 18:364 (formerly section 86 of Act 46 of 1940, the Primary Election Law), appellant, the defeated candidate in the Democratic Primary Election held on

January 15th, 1952, sought a recount and examination of the ballots in all of the precincts (14 in number) of the Parish. His cause of action as to nine of the precincts was based on allegations of fraud and irregularities and, respecting the others, he demanded a recount to which he was entitled as a matter of right.

Appellee, who received a majority of the votes according to the returns, excepted to that part of the petition founded on fraud and irregularities in the voting, claiming that the charges were insufficient to disclose a cause of action. This exception was sustained by the trial judge and the suit dismissed insofar as a recount and examination of nine of the fourteen boxes were concerned. Appellant acquiesced in this judgment and accepted a refund of $180 he had deposited, as required by law, for a recount of those ballot boxes.

Thereafter, the case proceeded to trial on the limited issue of a recount of the ballots in the remaining five boxes. To lay a foundation for the recount, appellant tendered evidence to show that the ballot boxes and their contents had not been tampered with or disturbed subsequent to their closing by the Commissioners of Election and then offered the boxes in evidence. Whereupon, counsel for appellee made timely objection, contending that the proof submitted did not satisfactorily establish that the ballot boxes or their contents had not been disturbed. The judge sustained the objection.

When this ruling was made, counsel for appellant remarked that, since it had the effect of being a final judgment, he would like to be informed whether a separate signed judgment would be rendered. The judge replied "Not necessarily". Thereupon, counsel moved for and obtained an appeal to this Court. On the following day, February 6th, 1952, counsel presented a formal petition of appeal and the judge granted an order for an appeal returnable to this Court on February 10, 1952. As soon as the record reached here, the case was immediately fixed for argument and it has been heard and submitted for decision.

We notice, ex proprio motu, our lack of jurisdiction due to the absence of a judgment by the trial court from which an appeal could be perfected. It is fundamental in our law that an appeal will lie only from final judgments or those interlocutory judgments which cause irreparable injury. Articles 565 and 566 of the Code of Practice. In the case at bar, the ruling of the trial court, from which the appeal is taken, was the maintenance of an objection to the admission of the ballot boxes in evidence. True enough, the exclusion of the ballot boxes had the effect of precluding appellant from obtaining the relief prayed for; but it was not a final judgment of the cause and cannot be employed as a substitute for a formal judgment of dismissal for purposes of review. LSA–R.S. 18:364 provides that the court of original jurisdiction "shall render judg-

ment" within 24 hours after the submission of the case and that the party cast "may appeal as in other cases * * *". Accordingly, in an election contest like any other civil suit, judgment must be rendered in order for the cause to be appealable. And the result would be the same, even if it be conceded that the maintenance of the objection to the admissibility of the boxes in evidence has the force of a judgment, as it is well settled that an appeal will not lie from a final judgment until it has been signed. James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222; River and Rails Terminals v. Louisiana Ry. and Nav. Co., 157 La. 1085, 103 So. 331; Isom v. Stevens, La.App., 148 So. 270 and Brock v. Police Jury of Rapides Parish, 198 La. 787, 4 So.2d 829.

In a supplemental brief, counsel for appellant profess that the appeal may be upheld on the theory that it has been taken from an interlocutory decree which has produced irreparable injury. In support of this idea, they cite cases holding that an appeal from an interlocutory judgment will be sustained, even though the judgment is not signed, if it causes irreparable injury.

The defect in the contention of counsel is that the ruling appealed from is not, in any sense, an interlocutory decree or order. Interlocutory judgments are defined by Article 538 of the Code of Practice as those pronouncements on preliminary matters in the course of the proceedings which do not decide the merits of the cause. The ruling in this case had the effect of suppressing the evidence, without which appellant could not obtain the desired relief; there was nothing interlocutory about it; nor was it a judgment.

The appeal is dismissed.

HAWTHORNE, J., takes no part.