57 So.2d 748

WAGUESPACK v. RICHARD.

No. 40743.

March 18, 1952.

Menuet & Triche, Napoleonville, for relator.

Talbot, LeSueur & Talbot, Napoleonville, for respondent.

FOURNET, Chief Justice.

This is a sequel to 220 La. 661, 57 So. 2d 220, where we, ex proprio motu, dismissed the appeal for lack of jurisdiction in that there was no signed judgment from which to appeal; and is now before us pursuant to an order of this Court issued on March 10, 1952, on the application of plaintiff, the defeated candidate for the office of Sheriff in the Democratic Primary Election of January 15, 1952, based on the fact that the trial judge had refused to sign a judgment, wherein the Honorable Clyde V. St. Amant, Judge of the 23rd Judicial District Court for the Parish of Assumption, was ordered to render and sign a final judgment on or before March 12th or show cause on this day, March 17th, why the relief prayed for should not be granted.

■ The respondent judge, as his reason for not following the directive of this Court by signing a judgment, cites the laws of this State governing primary elections, under which he claims to be without jurisdiction and powerless to render any judgment after the lapse of 24 hours from time of submission of the case, citing LSA-R.S. 18:364, subd. D and Jeanfrau v. Plaquemines Parish Democratic Executive Committee, 204 La. 713, 16 So.2d 241.

The Legislature, in its Regular Session for the year 1940, adopted Act No. 46 (in-corporated in LSA–Revised Statutes of 1950 under Section 18:281 et seq.), prescribing that all nominations by political parties shall be by direct primary elections, setting up the machinery for conducting such elections, and providing for contests thereof before the courts of this State. In Section 86 of the above act, LSA–R.S. 18:-364, subsection B, LSA–R.S. 18:364, subd. B, the procedure to be followed in such contests is outlined; under subsection D, LSA–R.S. 18:364, subd. D it is made the mandatory duty of the court of original jurisdiction to "render" judgment within 24 hours after the case is "submitted;" and by the provisions of the following subsection, E, LSA–R.S. 18:364, subd. E, the party cast is given the right to appeal as in other cases, the appeal to be lodged not more than five days from the rendition of the judgment.

There is nothing in the Act to suggest, or from which we could conclude, that the mere failure to comply with the mandatory requirements of subsection D, LSA–R:S. 18:364, subd. D, automatically divests the court of jurisdiction of the case. On the contrary, under subsection A, LSA–R.S. 18:364, subd. A the courts are given the "necessary power, authority, and jurisdiction to hear, try, and determine" such contests.

The case of Jeanfrau v. Plaquemines Parish Democratic Executive Committee, supra, clearly has no application here. In that case a motion to dismiss was sustained

on the ground that the appellant had failed to file his appeal within the maximum of five days from rendition of the judgment, as required by subsection E, LSA–R.S. 18:364, subd. E.

The respondent judge, relying on the case of Langlois v. Lancaster, 217 La. 995, 47 So.2d 795, suggests that the question is now moot in view of the requirement (as recited in the plaintiff's application for writs) that the ballots must be in the hands of the printer by a date which is now past, and the further provisions of LSA–R.S. 18:-362 to the effect that if any contest filed in the district court is not finally decided in time to print the name of the party's nominee on the ballot, the name of the *contestee* in the suit shall be certified and printed as the party nominee.

This position is unavailable to the respondent. As judge, his duty was to hear and try the case, which was instituted timely, and whether or not the above provision becomes applicable in view of the passage of time is not an issue before him nor a matter that concerns him.

For the reasons assigned, the writs are made peremptory, and accordingly, the Honorable Clyde V. St. Amant, Judge of the 23rd Judicial District Court, Parish of Assumption, is hereby ordered and directed forthwith an without delay to render and sign a final judgment in the above entitled and numbered cause.

LE BLANC, J., absent.