TATE, Judge.
Writs were granted to review the oral ruling of the trial court on October 11, 1960, sustaining the defendant’s motion filed the same day, that this cause is now moot.
It is conceded by all parties, for purposes of the present proceeding, that a party primary election contest becomes moot after *587 the ballots showing the party nominee for the General Election are printed and distributed for use therein. The respondent in this proceeding contends additionally, however, that the case becomes moot after the time that the Secretary of State should have printed the ballots. It is not denied that the ballots for the General Election for the office in question (District Attorney for the Ninth Judicial District) have not yet been printed, the Secretary of State having been enjoined from doing so by restraining order obtained by the relator from the Nineteenth Judicial District Court for East Baton Rouge Parish, the official domicile of said state official.
The respondent first contends that supervisory writs should not have been granted and should be recalled because the relator will have an adequate remedy by appeal after the trial court formally signs the judgment dismissing this cause as being moot; alternatively, respondent demands that the supervisory writs be recalled because the relator did not attach to his application for writs a copy of the order of the trial judge, or of his reasons therefor, sustaining the plea of the defendant-contestee that this case is now moot. On the merits, the defendant-respondent strongly argues that the trial court correctly held that this election contest is moot, since under LSA-R.S. 18:-1072, as amended by Act 254 of 1960, the Secretary of State must furnish printed absentee ballots to the clerks of courts at least 30 days in advance of the General Election, which it is conceded will fall this year on Tuesday, November 8th, and further since LSA-R.S. 18:362 regulating the selection of nominees in part provides:
“* * * if for any reason any contest filed in court is not finally decided in the district court in time to print the name of the nominee of the party upon the ballot before the election, the political party committee shall certify the name of the contestee in the suit filed, which name shall be printed upon the ballot as the nominee of the party. No court has jurisdiction to enjoin such action. However, should the district court render judgment in a contest in time to print the name of the successful litigant upon the ballot, the name of the successful litigant shall be printed upon the ballot as the nominee of the party, if no decision on appeal is had prior to the printing of the ballots.” (Italics ours.)
With regard to our granting of writs under our supervisory jurisdiction (Act 561 of 1958, LSA-Constitution Art. 7, Section 29), our Supreme Court held in State through Department of Highways v. W. T. Burton Industries, 231 La. 360, 91 So.2d 375, 378, that an appellate court’s supervisory jurisdiction may properly be invoked when a relator is entitled to “speedy relief, which could not be accomplished by the ordinary process of appeal.”
Without detailing the numerous proceedings and actions herein, we will state that the suit was timely filed on September 3, immediately following the promulgation of the returns by the Democratic Executive Committee on the preceding day (see LSA-R.S. 18:364, subd. H). The suit was initially dismissed, but this court reversed such dismissal ordering a recount (Docket No. 167, reported at 122 So.2d 862), which ruling of this court ordering the recount of the absentee ballots was approved by the Supreme Court in denying the defendant’s application for a writ of review (Docket No. 45402 of that Court). Following this, a protracted trial delayed the commencement of the recount until 1:30 P.M. on October 11. The defendant then filed a motion to dismiss this cause on the grounds that it was moot, and that motion was orally sustained by the trial court, but the signing of a decree to that effect was deferred until October 12. This application for writs was filed prior to the signing of that decree.
The plaintiff-relator urges that an appeal is not an adequate remedy because his restraining order enjoining the Secretary of State from printing the ballots will expire on October 17, 1960, and that due to the: *588 delays of the ordinary process of appeal, his cause will become moot when the ballots are printed and distributed following that date, and consequently he will suffer irreparable injury in that he will lose his day in court through no fault of his own.
In an election contest where likewise no final judgment had been signed, the Supreme Court exercised its supervisory jurisdiction and granted writs to review an interlocutory legal question, because due to the delays of an ordinary process an appeal would not have furnished an adequate remedy. State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192. We regard that ruling to be applicable here, and accordingly believe that we properly exercised our supervisory jurisdiction to permit both parties to have their full day in court. See also State ex rel. Rosenstock v. Democratic Municipal Executive Committee of Town of Westwego, Parish of Jefferson, 197 La. 469, 1 So.2d 697.
The circumstance that the ruling complained of is oral and is preliminary to a final judgment not yet written, read and signed, is immaterial in the exercise of our supervisory jurisdiction under Article 7, Section 29, Louisiana Constitution, since general supervisory jurisdiction is plenary and addresses itself to the sound discretion of the appellate court. State v. Morgan, 204 La. 499, 15 So.2d 866; State v. Doucet, 199 La. 276, 5 So.2d 894. Our rules regulating the exercise of our supervisory jurisdiction specifically provide that a party complaining of the “ruling” of a lower court •may apply to this court for relief and specifically recognize that this ruling complained of need not be written (See Rule XII, Sections 1, 4(5), of the Uniform Rules of the Courts of Appeal). Waguespack v. Richard, 220 La. 661, 57 So.2d 220, relied upon by the respondent, is authority only for the proposition that an appeal must be from a judgment in writing duly signed by the trial court.
In urging that the election contest became moot at the time that the Secretary of State was under a mandatory duty to deliver the absentee ballots to the Clerk of Court thirty days before the General Election of November 8th, LSA-R.S. 18:1072, counsel for the appellant primarily relies upon State ex rel. Landeche v. Brady, La.App. Orleans, 28 So.2d 297, and upon the unreported Orleans Court of Appeal case therein referred to, Douglas v. Cucullu. While it must be conceded that there is language in the Brady case favorable to the defendant’s contention, under the actual facts in that case the ballots had actually been printed by the Secretary of State and delivered to the Clerk of Court, so that the appeal lodged in the Orleans Court three days before the general election was indeed moot under what both parties concede (at least for purposes of this proceeding) to be the settled jurisprudence. The excerpt from the Douglas case is also favorable to the defendant’s position, where the appeal was lodged in the court of appeal 12 days before the general election, although without the facts of this unreported case to guide us we are unable to know whether the ballots had in fact been printed at that time.
However, the Supreme Court has in a more recent case rejected similar contentions in fairly strong language. In Waguespack v. Richard, 220 La. 859, 57 So.2d 748, 749-750:
“The respondent judge, relying on the case of Langlois v. Lancaster, 217 La. 995, 47 So.2d 795, suggests that the question is now moot in view of the requirement (as recited in the plaintiff’s application for writs) that the ballots must be in the hands of the printer by a date which is now past, and the further provisions of LSA-R.S. 18:362 to the effect that if any contest filed in the district court is not finally decided in time to print the name of the party’s nominee on the ballot, the name of the contestee in the suit shall be certified and printed as the party nominee.
“This position is unavailable to the respondent. As judge, his duty was to *589 hear and try the case, which was instituted timely, and whether or not the above provision becomes applicable in view of the passage of time is not an issue before him nor a matter that concerns him.”
While it is true that these observations may be taken as rejecting the trial judge’s sua sponte suggestion that the matter is moot, we think that the holding is applicable to the determination of the present proceeding. Whether the Secretary of State was properly or improperly enjoined by the Nineteenth Judicial District Court from printing the ballots is a question which is not before us. The important fact which we must consider is that the ballots have not yet been printed, and it is still possible up to this time for the name of either candidate to be included on them when they are actually printed. Under the specific wording of LSA-R.S. 18:362, the matter is not moot because, should the district court render judgment “in time to print the name of the successful litigant upon the ballot”, then that name shall be printed “if no decision on appeal is had prior to the printing of the ballots”.
For the foregoing reasons, we reverse the oral judgment of the trial court sustaining the defendant’s motion to dismiss the cause on the ground that it is moot, and we overrule said motion. It is further ordered that the case be remanded to the trial court, which court is instructed to proceed with the recount of the absentee ballots in accordance with the previous ruling of this court.
Reversed and remanded.