CULPEPPER, Judge
(dissenting).
In my opinion, a consideration in pari materiae of LSA-R.S. 18:362 and LSA-R.S. 18:364 on primary election contests and recounts and LSA-R.S. 18:1101 et seq. on absentee voting clearly indicates that the legislature intended to establish the deadline for completion of primary election contests at least 30 days before the general election. The legislature has by mandatory statute required the secretary of state to furnish ballots 30 days before the general election for those who apply to vote by mail. Although the secretary of state is presently under a restraining order issued by the district court for the Parish of East Baton Rouge, we are not bound by that court’s order nor is the district court of Rapides Parish, nor is the respondent herein who was not made a party to the proceedings in East Baton Rouge Parish. It seems illogical to the writer of this opinion that the legislature intended to, in effect, leave it to the discretion of the secretary of state to determine the deadline for furnishing ballots for use by absentee voters. To do so, not only disfranchises members of our armed forces serving overseas and others who are entitled by the statute to cast their ballots in absentia, but deprives the defendant in this case of his statutory right to be declared the nominee.
The reasoning of the Orleans Court of Appeal in State ex rel. Landeche v. Brady, 28 So.2d 297 is applicable here regardless of the fact that there was no restraining order against the secretary of state. In State v. Brady, 28 So.2d 297, 299, the Orleans Court of Appeal used the same reason in holding as follows :
“In Douglas v. Cucullu, No. 9584 of our Docket (unreported, see Louisiana and Southern Digest) decided April 21, 1924, in a syllabus by the Court, we said:
“The legislature intended by Paragraph 31 of Act No. 97 of 1922 to end all Primary election contests for party nominations in time to permit the Secretary of State to print the ballots and the said Section provides that the Contestee shall be the party nominee if the Courts for any reason shall not have finally decided the contest. Consequently a motion to dismiss an appeal in a contested primary election case not yet finally determined, filed twelve *590 days before a general election, will be maintained in view of the fact that the Secretary of State is required by Paragraph 2 of Act No. 61 of 1921 to have printed ballots in the hands of the Clerks of Court and Civil Sheriff in the Parish o-f Orleans, fifteen days before the election.”
The Courts of Texas and California have likewise followed this same concept under very similar election laws. In Iles v. Walker, 132 Tex. 6, 120 S.W.2d 418, 422, the Supreme Court of Texas held as follows:
“According to the record before us, lies, on the face of election returns, received a majority of the votes cast for the nomination here involved. This fact entitles him, as a matter of law, to such nomination, together with all its attendant statutory rights. Unless it can and finally shall be adjudged otherwise by some tribunal authorized so to do. Also, this right is a vested property right. If there is a contest of such right in a tribunal of competent jurisdiction, such contest must be completed before the time comes for posting the names of certified nominees by the county clerk. Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764; Sterling v. Ferguson, 122 Tex. 122, 53 S.W.2d 7S3; Benavides v. Atkins [132 Tex. 1], 120 S.W.2d 41S, this day decided by this court. Also, it is the settled law of this State that whenever the time comes that it is evident that the contest of a nomination cannot be completed in a tribunal of last resort, as provided by law in such cases, in time for the name to be posted as provided by law, the entire contest proceedings become moot and should be dismissed, and matters left in the same condition that would have existed had no contest been instituted. Thomason v. Seale, supra; Sterling v. Ferguson, supra.”
See also Taylor v. Nealon et al., Supreme Court of Texas 1938, 132 Tex. 60, 120 S.W.2d 586.
In Hill v. Superior Court in and for Los Angeles County, 109 Cal.App. 91, 292 P. 662, 663, a California Court of Appeal stated:
“We think this language is mandatory, at least that by no possible construction could the time be extended further than such date as would still permit the finishing of the contest ‘in time to print the ballots for the final election.’ In considering the nature of the provisions of this law as being mandatory or directory, we are bound to take into account further requirements as to preparation for the ballot by the secretary of state. These make it clear that the requirement that the contest be finished ‘in time to print the ballots for the final election’ is mandatory. This is so because the secretary of state must ‘make such changes in the record in his office as such judgment or judgments require,’ must ‘not later than the twenty-fifth day after any primary election compile the returns,’ and also certify the revised compilation showing the name of every person who has received the nomination to the county clerk or registrar of voters, not less than thirty days before the November election. Sections 21, 22, 23, Ibid.”
The principal case relied upon in the majority decree is Waguespack v. Richard, 220 La. 661, 57 So.2d 220 and 220 La. 859, 57 So.2d 748. In my opinion, that case is clearly distinguishable from the instant case. In the Waguespack case, the trial judge, who had rendered a judgment, had not signed it and on the first hearing in the Supreme Court, it dismissed the appeal because no final judgment had been signed, Waguespack v. Richard, 220 La. 661, 57 So. 2d 220. Later, on application of the plaintiff, the Supreme Court ordered the trial judge to render and sign a final judgment on or before a certain date or show cause why he should not. On hearing of the rule, the trial judge urged that by then the case was moot in view of the statutory *591 provisions requiring printing of the ballots. The Supreme Court in Waguespack v. Richard, 220 La. 859, 57 So.2d 748 held that the judge, as respondent in the rule, could not urge this defense because this was not an issue urged by one of the parties to the suit. The Waguespack case is not authority for the proposition that one of the parties to an election contest cannot raise the issue that the case has become moot.
For the above and foregoing reasons, I respectfully dissent.