LANDRY, Judge.
Defendant has moved to dismiss plaintiff’s appeal from a judgment sustaining defendant’s exceptions to service of process and jurisdiction rationae personae in defense of plaintiff’s motion to reduce alimony arrearage to judgment and make the same executory. The motion to dismiss is without foundation and therefore denied.
Defendant’s exceptions were taken under advisement by the trial court on May 4, 1970. Thereafter, on December 4, 1970, the trial court handed down written reasons sustaining defendant’s exceptions, but did not sign a formal judgment in open court. On that same day, notice of the filing of the court’s written reasons for judgment was mailed to counsel for all concerned. On December 10, 1970, the trial court read, rendered and signed in open court, a formal judgment sustaining defendant’s exceptions and dismissing plaintiff’s rule. Notice of filing the final judgment of December 10, 1970, was mailed by the clerk of the lower court on June 8, 1971. Plaintiff did not apply for a new trial. On June 15, 1971, plaintiff-appellant moved for and was granted a devolutive appeal. The required bond was posted by plaintiff on July 8, 1971.
LSA-C.C.P. art. 2087 provides that a de-volutive appeal may be taken from a final judgment within 90 days of expiration of the delay for applying for a new trial, as provided by LSA-C.C.P. art. 1974, if no application for a new trial has been timely filed.
LSA-C.C.P. art. 1974 declares that when notice of judgment is required pursuant to LSA-C.C.P. art. 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed the notice required by article 1913.
In pertinent part, LSA-C.C.P. art. 1913, provides that except as otherwise provided in LSA-C.C.P. art. 3307, when a case is taken under advisement, notice of the signing of a final judgment therein shall be mailed by the Clerk of Court to counsel of record for all parties litigant. The exception provided for in LSA-C.C.P. art. 3307 is inapplicable herein.
In essence, defendant’s motion to dismiss is based on the premise that the written reasons for judgment rendered and handed down by the trial court on December 4, 1970, notice of which was sent that same day, commenced running of the delay for applying for a new trial. If defendant is correct in this assumption, plaintiff’s appeal is untimely.
Notice of rendition of judgment and reasons therefor is not an operative factor in cases of this nature. LSA-C.C.P. art. 1913 expressly states that when a case it taken under advisement, notice of the signing of a final judgment shall be mailed by the Clerk of Court who shall also file a certificate indicating the date of mailing and the parties to whom notice of the signing of judgment was mailed.
Notice of the signing of judgment in open court is an indispensable pre *446 requisite to appeal for the basic reason that only a final judgment can be appealed. LSA-C.C.P. art. 1911; Waguespack v. Richard, 220 La. 661, 57 So.2d 220. A final judgment is one that is read, rendered and signed in open court. LSA-C.C.P. art. 1911. A judgment rendered, but not signed in open court is nonappealable. Fontenot v. Lee, La.App., 160 So.2d 26.
It follows that the delays for applying for a new trial, in this instance, did not commence until June 9, 1971, the day following mailing of notice of the judgment signed December 10, 1970. It also follows that plaintiff’s appeal is timely.
Defendant’s motion to dismiss the appeal is denied, at defendant’s cost.
Motion to dismiss denied.